UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :

IN RE SEPTEMBER 11 LITIGATION      :

                                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

21 MC 97 (AKH)
08 CV 3719 (AKH)

**JURY TRIAL DEMANDED**

**ANSWER OF DEFENDANTS AMERICAN AIRLINES, INC.
AND AMR CORPORATION TO THE WTCP ENTITIES'
COMPLAINT AGAINST CERTAIN DEFENDANTS
IN THE WTCP ENTITIES' FLIGHT 175 COMPLAINT**

Defendants American Airlines, Inc. ("American") and AMR Corporation ("AMR"), by and through their attorneys, Condon & Forsyth LLP and Debevoise & Plimpton LLP, answer the Complaint of Plaintiffs World Trade Center Properties LLC, 2 World Trade Center LLC, and 4 World Trade Center LLC's (hereinafter "The WTCP Entities") as follows:

**PRELIMINARY STATEMENT**

1.      American and AMR object to the WTCP Entities' Complaint to the extent it does not solely recast their cross-claims as direct claims as mandated by in the Joint Proposed Order Transferring Cases to 21 MC 101 (AKH) Docket and Closing 21 MC 97 (AKH) dated March 18, 2008.

**INTRODUCTION**

2.      American and AMR deny all allegations set forth in paragraphs 1, 2, 3, and 4, except American and AMR do not dispute that terrorists deliberately seized control of United Flight 175 and intentionally crashed the aircraft into Two World Trade Center, which subsequently collapsed, and that the terrorists' actions resulted in damage to property. American and AMR leave all questions of law to be decided by the Court.

3.     Paragraph 5 of the Complaint does not contain any allegations; therefore American and AMR make no response to paragraph 5 of the Complaint.

## JURISDICTION

4.     American and AMR deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 6 and 7, except American and AMR do not dispute that Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," creates original and exclusive jurisdiction in the United States District Court for the Southern District of New York for all actions brought for claims resulting from or relating to the terrorist-related aircraft crashes of September 11, 2001.  American and AMR leave all questions of law to be decided by the Court.

## PARTIES

## THE WTCP PLAINTIFFS

5.     American and AMR deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 8, 9, and 10.  American and AMR leave all questions of law to be decided by the Court.

## DEFENDANTS

6.     The allegations in paragraphs 11, 12, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, and 27 are not directed to American and AMR; therefore, American and AMR make no response to them.  To the extent those allegations are intended to or can be construed to state a claim against American or AMR, they are denied.

7.     American and AMR admit the allegations set forth in paragraph 13.

2

8.  American and AMR deny the allegations set forth in paragraph 14, except American and AMR admit that AMR is the parent corporation of American. American and AMR leave all questions of law to be decided by the Court.

## CLAIM ONE FOR NEGLIGENCE AGAINST ALL DEFENDANTS EXCEPT BOEING

9.  Answering paragraph 28, American and AMR repeat, reiterate, and reallege each allegation, admission, and denial in paragraphs 1 through 8 of this Answer with the same force and effect as if set forth in full herein.

10.  American and AMR deny the allegations set forth in paragraphs 29, 30, 32, 33, 36, 37 and 38, except American and AMR admit that American was authorized by the United States Department of Transportation and the Federal Aviation Administration to operate commercial flights out of Logan International Airport and that American had a duty to conduct its operations at Logan International Airport in accordance with federal aviation laws and regulations, and American and AMR do not dispute that property was damaged as a result of the deliberate acts of terrorists, who seized control of United Flight 175 and intentionally crashed it into Two World Trade Center. American and AMR leave all questions of law to be decided by the Court.

11.  The allegations in paragraphs 31, 34, an 35 are not directed to American and AMR; therefore, American and AMR make no response to them. To the extent those allegations are intended to or can be construed to state a claim against American or AMR, they are denied.

NYOFFICE 678375v.1

## CLAIM TWO FOR NEGLIGENT SELECTION
## AGAINST ALL DEFENDANTS EXCEPT BOEING
## AND THE SECURITY COMPANY DEFENDANTS

12.     Answering paragraph 39, American and AMR repeat, reiterate, and reallege each allegation, admission, and denial in paragraphs 1 through 11 of this Answer with the same force and effect as if set forth in full herein.

13.     American and AMR deny the allegations set forth in paragraphs 40, 41, 42, 43, and 44, except American and AMR admit that American was authorized by the United States Department of Transportation and the Federal Aviation Administration to operate commercial flights out of Logan International Airport and that American had a duty to conduct its operations at Logan International Airport in accordance with federal aviation laws and regulations, and American and AMR do not dispute that property damage occurred as a result of the deliberate acts of terrorists who seized control of United Flight 175 and intentionally crashed it into Two World Trade Center.  American and AMR leave all questions of law to be decided by the Court.

## CLAIM THREE BASED ON *RES IPSA LOQUITUR*
## AGAINST ALL DEFENDANTS EXCEPT BOEING

14.     Answering paragraph 45, American and AMR repeat, reiterate, and reallege each allegation, admission, and denial in paragraphs 1 through 13 of this Answer with the same force and effect as if set forth in full herein.

15.     American and AMR deny the allegations set forth in paragraphs 46, 47, and 48.  American and AMR leave all questions of law to be decided by the Court.

4

## CLAIM FOUR BASED ON STRICT LIABILITY
## AGAINST BOEING, UNITED, AND UAL

16.    Answering paragraph 49, American and AMR repeat, reiterate, and reallege each allegation, admission, and denial in paragraphs 1 through 15 of this Answer with the same force and effect as if set forth in full herein.

17.    The allegations in paragraphs 50, 51, 52, 53, and 54 are not directed to American and AMR; therefore, American and AMR make no response to them.  To the extent those allegations are intended to or can be construed to state a claim against American or AMR, they are denied.

## CLAIM FIVE FOR NEGLIGENT DESIGN AND/OR
## MANUFACTURE AGAINST BOEING, UNITED, AND UAL

18.    Answering paragraph 55, American and AMR repeat, reiterate, and reallege each allegation, admission, and denial in paragraphs 1 through 17 of this Answer with the same force and effect as if set forth in full herein.

19.    The allegations in paragraphs 56, 57, 58, 59, and 60 are not directed to American and AMR; therefore, American and AMR make no response to them.  To the extent those allegations are intended to or can be construed to state a claim against American or AMR, they are denied.

## CLAIM SIX FOR CONTRIBUTION
## AGAINST ALL DEFENDANTS

20.    Answering paragraph 61, American and AMR repeat, reiterate, and reallege each allegation, admission, and denial in paragraphs 1 through 19 of this Answer with the same force and effect as if set forth in full herein.

21.    American and AMR deny the allegations set forth in paragraph 62. American and AMR leave all questions of law to be decided by the Court.

NYOFFICE 678375v.1

## CLAIM SEVEN FOR INDEMNIFICATION
## AGAINST ALL DEFENDANTS

22.    Answering paragraph 63, American and AMR repeat, reiterate, and reallege each allegation, admission, and denial in paragraphs 1 through 21 of this Answer with the same force and effect as if set forth in full herein.

23.    American and AMR deny the allegations set forth in paragraph 64. American and AMR leave all questions of law to be decided by the Court.

## FIRST AFFIRMATIVE DEFENSE

24.    The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

25.    Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," provides an exclusive federal cause of action for all claims arising from the terrorist-related aircraft crashes of September 11, 2001.

26.    To the extent the WTCP Entities assert causes of action other than that provided for by this legislation, those causes of action must be dismissed as a matter of law.

## THIRD AFFIRMATIVE DEFENSE

27.    The WTCP Entities' alleged damages were caused by the unforeseeable, intervening, and/or superseding criminal acts of third parties who were not under the care, custody, control, or supervision of American or AMR; therefore, American and AMR cannot be held liable for the WTCP Entities' alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

28.    The Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 et seq. now recodified and incorporated into 49 U.S.C.

6

§40101 et seq.), and the federal regulations promulgated pursuant thereto, establish the uniform and exclusive standards that air carriers must follow for aviation safety and security, and these federal standards preempt State law standards governing flight operations, passenger screening, maintenance, inspection, flight crew training, and in-flight security procedures which the WTCP Entities allege that American and AMR violated.

29.    American's and AMR's compliance with these federal standards preclude a finding of liability against them.

## FIFTH AFFIRMATIVE DEFENSE

30.    Any of the WTCP Entities' claims that relate to rates, routes, and services provided by American or AMR are expressly preempted by 49 U.S.C. §41713.

## SIXTH AFFIRMATIVE DEFENSE

31.    The alleged damages complained of were caused by the negligence or intentional misconduct of parties other than American and AMR and for whom American and AMR are not responsible; therefore, American and AMR are not liable to the WTCP Entities, or, in the alternative, American's and AMR's liability to the WTCP Entities, if any, should be reduced in accordance with applicable law.

## SEVENTH AFFIRMATIVE DEFENSE

32.    The WTCP Entities lack capacity and/or standing to maintain this action.

## EIGHTH AFFIRMATIVE DEFENSE

33.    The alleged damages complained of were not proximately caused by any negligence or culpable conduct on the part of American or AMR, their agents, or employees.

NYOFFICE 678375v.1

## NINTH AFFIRMATIVE DEFENSE

34.     American and AMR are not liable to the WTCP Entities because American and AMR complied with all applicable government regulations in effect at the time of the events described in the WTCP Entities' Complaint.

## TENTH AFFIRMATIVE DEFENSE

35.     The WTCP Entities' claims based on common law or statutory law of the individual States requiring air carriers to implement security procedures that are different from or inconsistent with the obligations imposed by the Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. § 1301 et seq. and now recodified and incorporated as 49 U.S.C. § 40101 et seq.) and the federal regulations promulgated pursuant thereto are barred by Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act."

## ELEVENTH AFFIRMATIVE DEFENSE

36.     The WTCP Entities' claims based on common law or statutory law of the individual States requiring air carriers to implement security procedures that are different from or inconsistent with the obligations imposed by the Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. § 1301 et seq. and now recodified and incorporated as 49 U.S.C. § 40101 et seq.) and the federal regulations promulgated pursuant thereto are barred because compliance with those state laws would constitute an unconstitutional burden on interstate air commerce.

NYOFFICE 678375v.1

## TWELFTH AFFIRMATIVE DEFENSE

37.    Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," recovery by the WTCP Entities, if any, should be reduced by any collateral source payment that has been or will be paid to the WTCP Entities in accordance with Section 4545(c) of the New York Civil Practice Law and Rules or in accordance with such similar or counterpart principles as may be derived by this Court from New York law.

## THIRTEENTH AFFIRMATIVE DEFENSE

38.    Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," American's and AMR's liability, if any, must be limited in accordance with the provisions of Article 16 of the New York Civil Practice Law and Rules or in accordance with such similar or counterpart principles as may be derived by this Court from New York law.

## FOURTEENTH AFFIRMATIVE DEFENSE

39.    Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," if the WTCP Entities release or enter into a covenant not to sue or enforce a judgment with any other persons claimed to be liable for the WTCP Entities' damages, the amount recoverable against American and AMR must be reduced in accordance with Section 15-108 of New York's General Obligations Law or in accordance with such similar or counterpart principles as may be derived by this Court from New York law.

NYOFFICE 678375v.1

## FIFTEENTH AFFIRMATIVE DEFENSE

40.    Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," if personal injury or wrongful death Plaintiffs have filed claims with the "September 11th Victims Compensation Fund of 2001," personal injury and wrongful death Plaintiffs are barred from filing a civil action to recover damages sustained as a result of the terrorist-related aircraft crashes of September 11, 2001; and the WTCP Entities are barred from recovering any or all of the damages that the WTCP Entities paid to personal injury or wrongful death Plaintiffs who were barred from filing a civil action to recover damages sustained as a result of the terrorist-related aircraft crashes of September 11, 2001.

## SIXTEENTH AFFIRMATIVE DEFENSE

41.    Because American or AMR were not in actual possession or control of the aircraft at the time of the crash, American's and AMR's liability is limited pursuant to 49 U.S.C.A. § 44112 (2002).

## SEVENTEENTH AFFIRMATIVE DEFENSE

42.    Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," limits the amount of damages recoverable from American and AMR to American's liability insurance coverage.

## EIGHTEENTH AFFIRMATIVE DEFENSE

43.    The Complaint and all causes of action therein should be dismissed on the ground that the WTCP Entities have failed to join all necessary and indispensable parties.

NYOFFICE 678375v.1

### NINETEENTH AFFIRMATIVE DEFENSE

44.    The Complaint should be dismissed for insufficiency of service of process.

### TWENTIETH AFFIRMATIVE DEFENSE

45.    The Complaint is barred by the applicable statute of limitations.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

46.    American and AMR owed no legal duty to the WTCP Entities.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

47.    To the extent the WTCP Entities seek to recover for business interruption losses unaccompanied by property damage, all claims based on such losses should be dismissed.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

48.    The WTCP Entities' alleged damages were caused by an act of war.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

49.    The WTCP Entities' claims are barred by the state secrets doctrine.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

50.    The WTCP Entities' Complaint must be dismissed to the extent that relevant evidence required by American and AMR to mount their defense is prohibited from disclosure by 14 C.F.R. § 1520 et seq. as Sensitive Security Information.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

51.    The WTCP Entities are barred from recovery of alleged damages in respect of business interruption or other economic loss unaccompanied by, or not caused by, physical property damage.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

52.    The WTCP Entities are barred from recovery of alleged damages to the

NYOFFICE 678375v.1

extent that the WTCP Entities failed to mitigate their losses.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

53.    The WTCP Entities are barred from recovery in respect of alleged damage to property or improvements incurred as a result of debris, fire, soot, smoke, or water, to the extent the allegedly damaged property or improvements were not adjacent to property or improvements struck by aircraft on September 11, 2001.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

54.    To the extent the WTCP Entities' alleged damages were caused or contributed to by the acts or omissions of public authorities or others acting under color of state law, American and AMR cannot be held liable for the WTCP Entities' alleged damages.

## THIRTIETH AFFIRMATIVE DEFENSE

55.    The aviation security measures that are the subject of this action were federally mandated and a part of a federal response to terrorist attacks on our nation.  American's and AMR's implementation of the federally mandated aviation security measures assisted the federal government in a police and/or national defense function.  As such, American and AMR are immune from suit and are not liable for the claims in the WTCP Entities' Complaint.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

56.    The WTCP Entities are property owners and/or business owners who had no relationship with American and AMR, were in a far superior position than were American and AMR to guard against loss to the WTCP Entities' particular property and businesses through use of insurance, and to whom, as a matter of sound public policy, American and AMR owed no duty under the applicable law.

NYOFFICE 678375v.1

## THIRTY-SECOND AFFIRMATIVE DEFENSE

57.     The WTCP Entities are barred from recovery of damages based upon measures of damages inapplicable in and inappropriate to this action, willfully and/or carelessly exaggerated, and/or duplicative.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

58.     The WTCP Entities are barred from recovery of alleged damages in excess of the lesser of: (a) the cost of restoring the alleged damaged or destroyed property to its original condition; or (b) the diminution in market value caused by American's and AMR's alleged negligence.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

59.     American and AMR hereby allege and incorporate each and every affirmative defense set forth in American and AMR's Master Answer to Plaintiffs' Sixth Amended Flight 175 Master Liability Complaint with the same force and effect as if set forth in full herein.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

60.     American and AMR reserve the right to add affirmative defenses as necessary based on information obtained during investigation or discovery.

WHEREFORE, American and AMR demand judgment dismissing the WTCP Entities' Complaint in its entirety or, alternatively, judgment limiting their liability pursuant to the foregoing, together with costs and disbursements and such other and further relief which this

NYOFFICE 678375v.1

Court deems just and proper under the circumstances.

Dated:   May 19, 2008

> CONDON & FORSYTH LLP
> 7 Times Square
> New York, New York 10036
> Telephone:  (212) 490-9100
> Facsimile:  (212) 370-4483
> dbarry@condonlaw.com
>
>        -and-
>
> DEBEVOISE & PLIMPTON LLP
> 919 Third Avenue
> New York, New York 10022
> Tel.: (212)909-6000
> Fax: (212)909-6836
>
> Attorneys for Defendants
> AMERICAN AIRLINES, INC. and
> AMR CORPORATION
>
> By_____
>        Desmond T. Barry, Jr. (DB 8066)

TO:    Richard A. Williamson, Esq.
       M. Bradford Stein, Esq.
       FLEMMING, ZULACK & WILLIAMSON, LLP
       One Liberty Plaza, 35th Floor
       New York, New York 10006-1404
       Tel.: (212) 412-9500

       Attorneys for Plaintiffs:
       WORLD TRADE CENTER PROPERTIES LLC;
       1 WORLD TRADE CENTER LLC
       3 WORLD TRADE CENTER LLC
       7 WORLD TRADE COMPANY, LLC

       PERSONAL INJURY/WRONGFUL DEATH PLAINTIFFS' LIAISON COUNSEL
       PROPERTY DAMAGE/BUSINESS LOSS PLAINTIFFS' LIAISON COUNSEL
       GROUND DEFENDANTS' LIAISON COUNSEL
       WTC 7 GROUND DEFENDANTS' LIAISON COUNSEL
       AVIATION DEFENDANTS
       U.S. ATTORNEY'S OFFICE

NYOFFICE 678375v.1