UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

IN RE SEPTEMBER 11 PROPERTY DAMAGE
AND BUSINESS LOSS LITIGATION

21 MC 101 (AKH)

This Document Relates to: All Cases

------------------------------------------------------------X
WORLD TRADE CENTER PROPERTIES LLC,
2 WORLD TRADE CENTER LLC, AND 4 WORLD
TRADE CENTER, LLC,

**MIDWAY AIRLINES CORP.'S
ANSWER TO WTCP PLAINTIFFS'
FLIGHT 175 COMPLAINT**

Plaintiffs,

v.

UNITED AIRLINES, INC., UAL CORPORATION,
AMERICAN AIRLINES, INC., AMR
CORPORATION, MASSACHUSETSS PORT
AUTHORITY, THE BOEING COMPANY, DELTA
AIR LINES, INC., DELTA EXPRESS, INC.,
MIDWAY AIRLINES CORPORATION,
HUNTLEIGH USA CORPORATION, ICTS
INTERNATIONAL, N.V., GLOBE AVIATION
SERVICES CORPORATION, BURNS
INTERNATIONAL SECURITY SERVICES
CORPORATION, PINKERTON'S INC., and
SECURITAS AB,

Defendants.
------------------------------------------------------------X

Defendant, Midway Airlines Corporation ("Midway"), by its attorneys, Gallagher Gosseen Faller & Crowley, objects to the Complaint of World Trade Center Properties LLC ("WTC Properties LLC"), 2 World Trade Center LLC, and 4 World Trade Center, LLC, (collectively referred to as the "WTCP Plaintiffs") to the extent it does not comply with the Order of the Honorable Alvin K. Hellerstein, dated March 18, 2008, which transferred WTCP Plaintiffs' cross-claims from the 21 MC 97 docket to the 21 MC 101 docket and granted WTCP

Plaintiffs leave to amend their cross-claims "solely to recast them as direct claims." Subject to and without waiving said objection, Midway sets forth the following as and for its Answer to WTCP Plaintiffs' Complaint:

## INTRODUCTION

First: Midway denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraphs numbered "1", "2", "3" and "5" of the Complaint and respectfully refers all matters of law to the Court.

Second: Midway denies each and every allegation set forth in the paragraph numbered "4" and respectfully refers all matters of law to the Court.

## JURISDICTION

Third: Midway denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraphs numbered "6" and "7" of the Complaint and respectfully refers all matters of law set therein to the Court, except Midway admits that Public Law 107-42, "The Air Transportation Safety and System Stabilization Act" established that "[t]he United States District Court for the Southern District of New York shall have original and exclusive jurisdiction over all actions brought for any claim resulting from or relating to the terrorist related crashes of September 11, 2001."

## PARTIES

### The WTCP Plaintiffs

Fourth: Midway denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraphs numbered "8", "9", and "10" of the Complaint.

### Defendants

Fifth: Midway denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraphs numbered "11", "12", "13", "14", "15", "16", "17", "18", "20", "21", "22", "23", "24", "25", "26" and "27" of the Complaint.

Sixth: Midway denies each and every allegation set forth in the paragraph numbered "19" of the Complaint, except admits that on or about September 11, 2001, Midway was a corporation organized and existing under the laws of Delaware, with its principal place of business in North Carolina.

## CLAIM ONE FOR NEGLIGENCE AGAINST
## ALL DEFENDANTS EXCEPT BOEING

Seventh: Midway repeats and reiterates each and everyone of the foregoing admissions and denials made in response to the paragraphs of the Complaint referred to in the paragraph designated "28" with the same force and effect as if set forth herein at length.

Eighth: Midway denies each and every allegation set forth in the paragraph numbered "29" of the Complaint insofar as such allegations pertain to Midway and respectfully refer all matters of law to the Court.

Ninth:  Midway denies each and every allegation set forth in the paragraph numbered "30" of the Complaint insofar as such allegations pertain to Midway except admits that Midway was authorized by the United States Department of Transportation and the Federal Aviation Administration to transport passengers for hire in accordance with federal aviation laws and regulations, that Midway was required to operate its flights in accordance with Federal Aviation laws and regulations and implement security plans and/or procedures required by such regulations, and respectfully refers all matters of law to the Court.

Tenth:  Midway denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph numbered "31" of the Complaint.

Eleventh:  Midway denies each and every allegation set forth in the paragraphs numbered "32" and "33" of the Complaint insofar as such allegations pertain to Midway.

Twelfth:  Midway denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraphs numbered "34" and "35" of the Complaint.  To the extent that the allegations are deemed to plead facts relating to Midway, they are denied.

Thirteenth:  Midway denies each and every allegation set forth in the paragraphs numbered "36", "37" and "38" of the Complaint insofar as such allegations pertain to Midway and respectfully refers all matters of law to the Court.

### CLAIM TWO FOR NEGLIGENT SELECTION
### AGAINST ALL DEFENDANTS EXCEPT BOEING
### AND THE SECURITY COMPANY DEFENDANTS

Fourteenth: Midway repeats and reiterates each and everyone of the foregoing admissions and denials made in response to the paragraphs of the Complaint referred to in the paragraph designated "39" with the same force and effect as if set forth herein at length.

Fifteenth: Midway denies each and every allegation set forth in the paragraphs numbered "40", "41", "42", "43", "44" of the Complaint insofar as such allegations pertain to Midway and respectfully refer all matters of law to the Court.

### CLAIM THREE BASED ON *RES IPSA LOQUITUR*
### AGAINST ALL DEFENDANTS EXCEPT BOEING

Sixteenth: Midway repeats and reiterates each and everyone of the foregoing admissions and denials made in response to the paragraphs of the Complaint referred to in the paragraph designated "45" with the same force and effect as if set forth herein at length.

Seventeenth: Midway denies each and every allegation set forth in the paragraphs numbered "46", "47" and "48" of the Complaint insofar as such allegations pertain to Midway and respectfully refer all matters of law to the Court.

### CLAIM FOUR BASED ON STRICT LIABILITY
### AGAINST BOEING, AMERICAN AND AMR

Eighteenth: Midway repeats and reiterates each and everyone of the foregoing admissions and denials made in response to the paragraphs of the Complaint referred to in the paragraph designated "49" with the same force and effect as if set forth herein at length.

5

Nineteenth: Midway denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraphs numbered "50", "51", "52", "53" and "54" of the Complaint.

### CLAIM FIVE FOR NEGLIGENT DESIGN AND/OR MANUFACTURE AGAINST BOEING, AMERICAN AND AMR

Twentieth: Midway repeats and reiterates each and everyone of the foregoing admissions and denials made in response to the paragraphs of the Complaint referred to in the paragraph designated "55" with the same force and effect as if set forth herein at length.

Twenty-first: Midway denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph numbered "56", "57", "58", "59" and "60" of the Complaint.

### CLAIM SIX FOR CONTRIBUTION AGAINST ALL DEFENDANTS

Twenty-second: Midway repeats and reiterates each and everyone of the foregoing admissions and denials made in response to the paragraphs of the Complaint referred to in the paragraph designated "61" with the same force and effect as if set forth herein at length.

Twenty-third: Midway denies each and every allegation set forth in the paragraph numbered "62" of the Complaint insofar as such allegations pertain to Midway and respectfully refer all matters of law to the Court.

**CLAIM SEVEN FOR INDEMNIFICATION AGAINST ALL DEFENDANTS**

Twenty-fourth:   Midway repeats and reiterates each and everyone of the foregoing admissions and denials made in response to the paragraphs of the Complaint referred to in the paragraph designated "63" with the same force and effect as if set forth herein at length.

Twenty-fifth:   Midway denies each and every allegation set forth in the paragraph numbered "64" of the Complaint insofar as such allegations pertain to Midway and respectfully refer all matters of law to the Court.

**ALL COUNTS**

Twenty-sixth:   Any allegation in the Complaint directed towards Midway not expressly responded to above is denied.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

Twenty-seventh:   The WTCP Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

Twenty-eighth:   WTCP Plaintiffs' alleged damages were caused by the unforeseeable, intervening, and/or superseding criminal acts of third parties who were not under the care, custody, control, or supervision of Midway; therefore, Midway cannot be held liable for WTCP Plaintiffs' alleged damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Twenty-ninth: WTCP Plaintiffs' alleged damages were not a reasonably foreseeable consequence of any alleged conduct by Midway; therefore, Midway owed no duty to WTCP Plaintiffs as a matter of law and cannot be held liable for WTCP Plaintiffs' alleged damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Thirtieth: The alleged damages complained of were caused by the intentional and/or negligent acts of parties other than Midway and for whom Midway is not responsible; therefore, Midway is not liable to WTCP Plaintiffs or, in the alternative, Midway's liability to the WTCP Plaintiffs, if any, should be reduced in accordance with applicable law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Thirty-first: The alleged damages complained of were not proximately caused by any negligence or culpable conduct on the part of Midway, its agents, or employees.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Thirty-second: Midway is not liable to WTCP Plaintiffs because Midway complied with all applicable government regulations in effect at the time of the events described in the Complaint.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Thirty-third: The WTCP Plaintiffs' claims based on common law or statutory law of the individual States requiring Midway to implement security procedures that are different from or

inconsistent with the obligations imposed by the Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 et seq. and now recodified and incorporated as 49 U.S.C. §40101 et seq.) and the federal regulations promulgated pursuant thereto are barred by Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation And Transportation Security Act."

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Thirty-fourth:   Pursuant to Public Law 107-42 "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation And Transportation Security Act," recovery by WTCP Plaintiffs, if any, should be reduced by any collateral source, including insurance, payment that has been or will be paid to the WTCP Plaintiffs, in accordance with New York's Civil Practices Law and Rules §4545(c) and applicable state law.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Thirty-fifth:   Pursuant to Public Law 107-42 "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," Midway's liability, if any, must be limited to its proportionate share in accordance with the provisions of Article 16 of the New York Civil Practice Law and Rules or in accordance with such similar or counterpart principles as may be derived by this Court from applicable State law.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

Thirty-sixth: Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," if WTCP Plaintiffs release or enter into a covenant not to sue or enforce a judgment with any other persons claimed to be liable for WTCP Plaintiffs' damages, the amount recoverable against Midway must be reduced in accordance with the applicable State law.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

Thirty-seventh: Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," the amount of total damages and/or settlement funds recoverable from Delta is limited to the amount of its available insurance coverage.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Thirty-eighth: The WTCP Plaintiffs' Complaint and all causes of action therein should be dismissed on the ground that WTCP Plaintiffs have failed to join all necessary and indispensable parties.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Thirty-ninth: Midway's liability, if any, concerning damages derived from any agreement with the Security Company defendants or any other party for security services as a result of the events of September 11, 2001 regarding Flight 175 is limited to the contents of such agreement or agreements.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Fortieth:  Midway had no statutory, contractual or customary duty to provide passenger security screening at the security checkpoints for United Airlines.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Forty-first:  Midway was not responsible for and had no control over security aboard United Airlines Flight 175.

### AS AND FOR AN SIXTEENTH AFFIRMATIVE DEFENSE

Forty-second:  Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," provides an exclusive federal cause of action for all claims arising from the terrorist-related aircraft crashes of September 11, 2001.  To the extent the Complaint asserts causes of action other than that provided for by this legislation, those causes of action must be dismissed as a matter of law.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Forty-third:  The Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 et seq. now recodified and incorporated into 49 U.S.C. §40101 et seq.), and the federal regulations promulgated pursuant thereto, establish the uniform and exclusive standards that airline carriers must follow for aviation safety and security and these federal standards preempt State law standards which plaintiffs allege that Midway violated. Midway's compliance with these federal standards precludes a finding of liability against it.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

Forty-fourth:  Any of WTCP Plaintiffs' claims that relate to rates, routes, and services provided by Midway is expressly preempted by 49 U.S.C. §41713.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Forty-fifth:  WTCP Plaintiffs' claims based on common law or statutory law of the individual States requiring air carriers to implement security procedures that are different from or inconsistent with the obligations imposed by the Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 et seq. and now recodified and incorporated as 49 U.S.C. §40101 et seq.) and the federal regulations promulgated pursuant thereto are barred since compliance with those State laws would constitute an unconstitutional burden on interstate air commerce.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Forty-sixth:  Since Midway was not in actual possession or control of the aircraft at the time of the crash, Midway's liability is limited pursuant to 49 U.S.C.A. §44112 (2002).

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Forty-seventh:  Any claims against Midway based on alleged apparent authority should be dismissed because there was no reliance on such authority and no proximate causation between apparent authority and any damages sustained.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Forty-eighth:   Midway had neither exclusive control or management over United Airlines Flight 175 or any of the airport security system at Logan International Airport, therefore plaintiffs' claims based upon the theory of res ipsa loquitor fails to state a cause of action upon which relief can be granted.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

Forty-ninth:   WTCP Plaintiffs' alleged damages were caused by an act of war.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

Fiftieth:   Midway incorporates by reference some or all of the affirmative defenses raised by any of the aviation defendants in their Answer to this Complaint.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

Fifty-first:   The WTCP Plaintiffs lack capacity and/or standing to maintain this action.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

Fifty-second:   Midway owed no legal duty to the WTCP Plaintiffs.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Fifty-third:   Midway reserves the right to add affirmative defenses as necessary based on information obtained during investigation or discovery.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Fifty-fourth:   The Complaint is barred by the applicable statute of limitations.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

Fifty-fifth:   To the extent that the WTCP Plaintiffs seek to recover for business interruption losses unaccompanied by property damage, all claims based on such losses should be dismissed.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

Fifty-sixth:   The WTCP Plaintiffs' claims are barred by the state secrets doctrine.

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

Fifty-seventh: The WTCP Plaintiffs has failed to mitigate their damages.

## AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

Fifty-eighth:   The WTCP Plaintiffs are barred from recovery in respect of alleged damage to property or improvements incurred as a result of debris, fire, soot, smoke, or water, to the extent the allegedly damaged property or improvements were not adjacent to property or improvements struck by aircraft on September 11, 2001.

## AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

Fifty-ninth:   To the extent the WTCP Plaintiffs' alleged damages were caused or contributed to by the acts or omissions of public authorities or others acting under color of state law, Midway cannot be held liable for the WTCP Plaintiffs' alleged damages.

### AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

Sixtieth:   The WTCP Plaintiffs are barred from recovery of alleged damages in excess of the lesser of: (a) the cost of restoring the alleged damaged or destroyed property to its original condition; or (b) the diminution in market value caused by Midway's alleged negligence.

### AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

Sixty-first:   The WTCP Plaintiffs' recovery must be diminished, in whole or in part, as a result of their own negligence and/or other culpable conduct.  *See* N.Y.C.P.L.R. §1411.

WHEREFORE Midway demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the foregoing, together with costs and disbursements and such other and further relief which this Court deems just and proper under the circumstances.

Dated: Garden City, New York
       June 9, 2008

                                          GALLAGHER GOSSEEN
                                          FALLER & CROWLEY

                            By: _____
                                   MICHAEL J. CROWLEY (MC/2821)
                                   JAMES A. GALLAGHER, JR. (JG/7597)
                                   JAMES F. GALLAGHER (JG/3256)
                                   For the Firm
                                   Attorneys for Defendant
                                   **MIDWAY AIRLINES CORPORATION**
                                   1010 Franklin Avenue, Suite 400
                                   Garden City, NY 11530-2927
                                   (516) 742-2500

## SERVICE LIST

TO:    Richard A. Williamson, Esq.
Brad Stein, Esq.
**FLEMMING ZULACK
WILLIAMSON ZAUDERER LLP**
One Liberty Plaza, 35th Floor
New York, New York 10006
(212) 412-9500
*Ground Defendants' Liaison Counsel*
*Via E-Mail*: **rwilliamson@fzwz.com**
*Via E-Mail*: **bstein@fzwz.com**

Marc S. Moller, Esq.
**KREINDLER & KREINDLER, LLP**
100 Park Avenue, 18th Floor
New York, New York 10017
(212) 687-8181
*PI/WD Plaintiffs' Liaison Counsel*
*Via E-Mail*: **mmoller@kreindler.com**

Robert A. Clifford, Esq.
**CLIFFORD LAW OFFICES**
120 North LaSalle Street, Suite 31
Chicago, Illinois 60602
(312) 899-9090
*PD/BL Plaintiffs' Liaison Counsel*
*Via E-Mail*: **rac@cliffordlaw.com**

Desmond T. Barry, Jr., Esq.
**CONDON & FORSYTH LLP**
Times Square Tower
7 Times Square, 18th Floor
New York, New York 10036
(212) 894-6770
*Aviation Defendants' Liaison Counsel*
*Via E-Mail*: **dbarry@condonlaw.com**

Donald A. Migliori, Esq.
**MOTLEY RICE, LLP**
28 Bridgeside Boulevard
P.O. Box 1792
Mt. Pleasant, South Carolina 29465
(842) 216-9000
*Via E-mail:* **dmigliori@motleyrice.com**

16

Beth D. Jacob, Esq.
**SCHIFF HARDIN LLP**
623 Fifth Avenue, 28th Floor
New York, New York 10022
(212) 753-5000
*7 World Trade Center Ground Defendants' Liaison Counsel*
***Via E-Mail***: **bjacob@schiffhardin.com**


Sarah S. Normand, Esq.
Beth Goldman, Esq.
Assistant U.S. Attorneys
Southern District of New York
**UNITED STATES DEPARTMENT OF JUSTICE**
86 Chambers Street
New York, New York 10007
(212) 637-2709
*Counsel for Intervenor*
*THE UNITED STATES OF AMERICA*
***Via E-Mail***: ***sarah.normand@usdoj.gov***
***Via E-Mail***: ***beth.goldman@usdoj.gov***


Keith E. Harris, Esq.
The Office of Milton H. Pacther, Esq.
225 Park Avenue South
New York, New York 10003
(212) 435-3437
*Plaintiff's Counsel*
***Via E-Mail:*** kharris@panynj.gov

# AFFIDAVIT OF SERVICE
## VIA E-MAIL

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NASSAU     )

Patricia Doller, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides at Levittown, New York.

On June 9, 2008 deponent served the within **MIDWAY AIRLINES CORPORATION'S ANSWER TO WTCP PLAINTIFF'S FLIGHT 175 COMPLAINT** upon:

1. Keith Harris - Plaintiff's Counsel;
2. Richard A. Williamson - Plaintiff's Counsel & Ground Defendant's Liaison Counsel;
3. Brad Stein - Plaintiff's Counsel & Ground Defendant's Liaison Counsel;
4. Desmond T. Barry - Aviation Defendant's Liaison Counsel;
5. Marc S. Moller - Wrongful Death and Personal Injury Plaintiffs' Liaison Counsel;
6. Robert A. Clifford - Property Damage and Business Loss Plaintiffs' Liaison Counsel;
7. Beth D. Jacobs - WTC 7 Ground Defendants' Liaison Counsel;
8. Donald A. Migliori - Wrongful Death and Personal Injury Plaintiffs' Liaison Counsel;
9. Sarah Normand - U.S. Attorney's Office;
10. Beth Goldman - U.S. Attorney's Office; and

by emailing copies of the papers via the E-Mail addresses designated by said attorneys/parties for that purpose by transmitting a true copy of same by use of the World Wide Web through a designated Internet Provider Service, in accordance with the Court's March 10, 2005 Order.

_____
PATRICIA DOLLER

Sworn to before me this
10th day of June, 2008

_____
Notary Public
BARBARA G. FERRARA
Notary Public, State of New York
No. 01FE5057085
Qualified in Nassau County
Commission Expires 3/18/2010

18