UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN RE SEPTEMBER 11 PROPERTY DAMAGE
AND BUSINESS LOSS LITIGATION
------------------------------------------------------------X

21 MC 101 (AKH)

This document also relates to:
08 CIV 3719
08 CIV 3722

**DECLARATION IN SUPPORT OF CROSS-MOTION TO STRIKE INADMISSIBLE MATERIALS IN THE AVIATION DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON CPLR 4545(c)**

JASON T. COHEN, pursuant to 28 U.S.C. §1746, declares under the penalties of perjury that the following is true and correct:

1.  I am a member of the Bar of this Court and Of Counsel to Flemming Zulack Williamson Zauderer LLP ("FZWZ"), attorneys for plaintiffs World Trade Center Properties LLC, 1 World Trade Center LLC, 2 World Trade Center LLC, 3 World Trade Center LLC, 4 World Trade Center LLC (collectively, "WTCP"), and 7 World Trade Company, L.P. (not subject to this motion) in the above-captioned action.

2.  I submit this Declaration in support of WTCP's Cross-Motion to Strike Inadmissible Materials in the Aviation Defendants' Summary Judgment Motion. In particular, I bring to the Court's attention facts relevant to the inadmissibility of an attorney work product document whose creation I oversaw, which is entitled "WTCP Main Site Plaintiffs Property Insurance Payments Received and to be Received, by Insurance Carrier" (the "FZWZ Payment Analysis"), and which the Aviation Defendants wrongfully submitted in support of their summary judgment motion as Exhibit T to the Declaration of Desmond T. Barry, Jr., executed June 20, 2008 ("Barry Declaration").

3.  The FZWZ Payment Analysis was prepared by FZWZ[1] and provided to the Aviation Defendants as a courtesy and aid subject to the express condition that they could not use it as evidence or as an admission. Yet, now on their summary judgment motion, the Aviation Defendants violate that express condition. As explained below, the Aviation Defendants never

---

[1] The FZWZ Payment Analysis was not prepared by Wachtell, Lipton, Rosen & Katz ("Wachtell Lipton") as the Barry Declaration mistakenly claims. *See* Barry Decl. ¶ 3(T).

306696

objected to or challenged this condition and, in fact, acknowledged by their conduct that they knew they could not use the FZWZ Payment Analysis as evidence or as an admission.

4. Here is the relevant background. At the March 18, 2008 conference in this matter, the Court asked the parties to develop a protocol for the Aviation Defendants' intended motion for summary judgment. On March 26, 2008, WTCP submitted to the Aviation Defendants an eight page draft protocol, on a without prejudice basis, for a comprehensive approach to the Aviation Defendants' intended motion for summary judgment on damages. When the parties met later that day, the Aviation Defendants asked FZWZ to prepare various documents and summaries concerning statements and positions that WTCP had in its protocol. FZWZ explained that the statements and positions that were in the protocol were all derived from FZWZ's own analysis of the same documents that WTCP had previously produced to the Aviation Defendants. Notwithstanding that, the Aviation Defendants claimed that they could not derive the information they were requesting by themselves.

5. As a courtesy and to aid the Aviation Defendants in understanding WTCP's damages claims (even though the Aviation Defendants had the same documents to work with), FZWZ agreed to provide the Aviation Defendants with various documents and summaries, including several summary analyses prepared by FZWZ and Wachtell Lipton, with respect to insurance payments received, and to be received, by WTCP, such as the FZWZ Payment Analysis. The FZWZ Payment Analysis was the result of FZWZ's best efforts to derive the insurance payments received, and to be received (if certain conditions are met), by WTCP, from documents (such as settlement agreements, ledgers and other source documents) that had previously been produced to the Aviation Defendants.

6. FZWZ provided the Aviation Defendants summary analyses prepared by FZWZ and Wachtell Lipton subject to the express condition that they could not be used as evidence or as an admission.

7. My April 4, 2008 letter to Brian S. Fraser, Esq. (the Aviation Defendants' point person on damages) (the "April 4, 2008 Letter") transmitted to the Aviation Defendants the

FZWZ Payment Analysis and four other attorney-prepared charts and summaries. The FZWZ Payment Analysis was attached to the April 4, 2008 Letter and is identified by BATES number 0302812. The April 4, 2008 Letter also attached another analysis prepared by FZWZ, identified by BATES numbers 0302813-16, that reflects the date and amount of each insurance payment received by WTCP based on FZWZ's best efforts to derive that information from the source documents provided to the Aviation Defendants. (The two Wachtell Lipton summaries attached to the April 4, 2008 Letter do not reflect the date and amount of each insurance payment received by WTCP.)

8. The April 4, 2008 Letter explicitly states that the FZWZ Payment Analysis and the other four attorney-prepared charts and summaries were being provided as a courtesy to the Aviation Defendants, and that they are not party admissions and may not be used as evidence:

> [N]othing stated herein is intended as, or may be deemed to constitute, an admission as to any issue of fact or law. In addition, neither this document, nor the charts and summaries created by counsel produced under cover of this letter, constitute admissible evidence at trial. They are being provided as a courtesy and may not be used in any way to prove or disprove any issue of fact or law in the pending lawsuits, including any motion regarding the measure of damages.

April 4, 2008 Letter, at 3.

9. The FZWZ Payment Analysis itself also is legended and states that it may not be used as admissible evidence or as an admission:

> Without Prejudice; Not Admissible as Evidence[2]
>
> [2] Nothing stated herein is intended, or may be deemed to constitute, an admission as to any issue of fact or law. This document may not be used in any way to prove or disprove any issue of fact or law in the pending lawsuits or at trial and does not constitute admissible evidence.

Barry Decl. Exh. T, at 1.

10. The Aviation Defendants accepted the FZWZ Payment Analysis with the foregoing restrictions, and never objected to the express condition regarding the prohibition on

using the FZWZ Payment Analysis (or any of the other charts and summaries created by FZWZ and Wachtell Lipton) as evidence or as an admission.

11. The Aviation Defendants transmitted a proposed stipulation on April 21, 2008 that concerned certain matters reflected on the FZWZ Payment Analysis and the four other attorney-prepared charts and summaries. The fact that the Aviation Defendants asked WTCP to stipulate to certain matters reflected on the FZWZ Payment Analysis demonstrates that the Aviation Defendants knew the FZWZ Payment Analysis was not an admission and could not be used as evidence.

12. The Aviation Defendants knew they were not permitted to use the FZWZ Payment Analysis in support of their motion for summary judgment but they did so anyway. For the foregoing reasons, the FZWZ Payment Analysis should be stricken because it is inadmissible.

Executed on August 18, 2008

_____
JASON T. COHEN