```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
                                      :
IN RE SEPTEMBER 11 LITIGATION         :   21 MC 101 (AKH)
                                      :
------------------------------------- x
                                      :
WORLD TRADE CENTER PROPERTIES LLC,    :
et al.,                               :
                                      :
            Plaintiffs,               :   08 CIV 3719 (AKH)
                                      :
      v.                              :
                                      :
UNITED AIRLINES, INC., et al.,        :
                                      :
            Defendants.               :
------------------------------------- x
WORLD TRADE CENTER PROPERTIES LLC,    :
et al.,                               :
                                      :
            Plaintiffs,               :   08 CIV 3722 (AKH)
                                      :
      v.                              :
                                      :
AMERICAN AIRLINES, INC., et al.,      :
                                      :
            Defendants.               :
------------------------------------- x
```

**WTCP PLAINTIFFS' AND AVIATION DEFENDANTS' JOINT UNOPPOSED MOTION FOR AN ORDER APPROVING THEIR SETTLEMENT AGREEMENT**

The WTCP Plaintiffs (the "WTCP Plaintiffs")[1] and the Aviation Defendants[2] (collectively, the "Parties") jointly move the Court for the entry of an Order approving the

---

[1] The WTCP Plaintiffs are: World Trade Center Properties LLC, 1 World Trade Center LLC, 2 World Trade Center LLC, 3 World Trade Center LLC (formerly known as 5 World Trade Center LLC), and 4 World Trade Center LLC ("Main Site Plaintiffs"), and 7 World Trade Company, LP ("7WTCo.").

[2] The Aviation Defendants are: American Airlines, Inc.; American Airlines Group, Inc. (formerly known as AMR Corporation); Colgan Air, Inc.; Globe Aviation Services Corporation; Huntleigh USA Corporation; Massachusetts Port Authority; United Airlines,

Parties' Settlement Agreement and Release of Claims (the "Settlement Agreement") resolving all of the WTCP Plaintiffs' claims asserted in actions captioned *World Trade Center Properties, LLC, et al. v. United Airlines, Inc., et al.*, United States District Court for the Southern District of New York, Case No. 08 CV 3719 (AKH); and *World Trade Center Properties LLC, et al. v. American Airlines, Inc., et al.*, United States District Court for the Southern District of New York, Case No. 08 CV 3722 (AKH) (collectively, the "WTCP Actions"), which also are incorporated into Master Docket, No. 21 MC 101.

The Parties jointly move for an Order: (1) approving the Parties' Settlement Agreement and Release of Claims; (2) holding the settlement amount is consistent with the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101 *note* ("ATSSSA") as it applies to the Aviation Defendants, WTCP, and any other actual or potential claims against the Aviation Defendants' insurance limits; (3) holding that all amounts paid by the insurers for the paying Aviation Defendants (the "Contributing Insurers")[3] are to be credited against each paying Aviation Defendant's limit of liability established by Section 408(a)(1) of the ATSSSA; and (4) dismissing with prejudice the WTCP Actions. A copy of the Settlement Agreement and Release of Claims evidencing the settlement is attached hereto as Exhibit "A".

---

Inc.; United Continental Holdings (formerly known as UAL Corporation); US Airways, Inc.; and US Airways Group, Inc.

[3] Although the WTCP Plaintiffs brought claims against all Aviation Defendants in the WTCP actions, pursuant to the Allocation Agreement that was entered into by the insurers for American Airlines, Inc. ("American"), United Airlines, Inc. ("United") and Globe Aviation Services Corporation ("Globe") (the "Allocation Agreement"), and which the Court approved, *see In re September 11 Litig.*, 723 F. Supp. 2d 534 (S.D.N.Y. 2010), *aff'd*, 650 F.3d 145 (2d Cir. 2011), the settlement of the WTCP Plaintiffs' claims are to be paid by American's, United's and Globe's insurers only. Accordingly, the amounts paid by these defendants' insurers should be credited against each respective defendant's limit of liability under ATSSSA Section 408(a)(1).

As the WTCP Plaintiffs are the only remaining plaintiffs in the Master Docket, there is no party with potential standing to object to this joint unopposed motion. The Court also has significant additional bases to approve the Settlement Agreement as consistent with the ATSSSA. The Settlement Agreement was the product of extensive, arms-length negotiations by experienced counsel for the Parties, who worked diligently for months to reach a resolution. The Parties recognized the significant interest of the Aviation Defendants in ensuring that the full amount paid under any settlement would count toward the limitation on liability established by Section 408(a)(1) of the ATSSSA.[4] Thus, the Parties conditioned the Agreement upon the Court approving it as consistent with ATSSSA, and holding that all amounts paid by the Contributing Insurers pursuant to the Agreement are to be credited against each respective paying Aviation Defendant's ATSSSA limit of liability. The Court has made such rulings more than ninety times in respect of the Aviation Defendants' settlement of personal injury and wrongful death cases, in the Aviation Defendants' settlement with the subrogated insurer plaintiffs and the majority of uninsured loss property plaintiffs, and in the Aviation Defendants' settlement of 7 World Trade Company, L.P.'s fine arts and personal property claims. *See, e.g., In re September 11 Litig.*, 723 F. Supp. 2d 534 (S.D.N.Y. 2010), *aff'd*, 650 F.3d 145 (2d Cir. 2011); *In re September 11 Litig.*, No. 21 MC 101, Dkt. No 1885 (S.D.N.Y January 15, 2014). Accordingly, there is no reason for

---

[4] Section 408(a)(1) of the ATSSSA provides:

> Notwithstanding any other provision of law, liability for all claims, whether for compensatory or punitive damages or for contribution or indemnity, arising from the terrorist-related aircraft crashes of September 11, 2001, against an air carrier, aircraft manufacturer, airport sponsor, or person with a property interest in the World Trade Center, on September 11, 2001, whether fee simple, leasehold or easement, direct or indirect, or their directors, officers, employees or agents, shall not be in an amount greater than the limits of liability insurance coverage maintained by that air carrier, aircraft manufacturer, airport sponsor or person.

ATSSSA § 408(a)(1).

the Court not to do so here. Finally, the Court's approval of the Settlement Agreement will bring to a close this hard-fought thirteen-year litigation on terms agreeable to the Parties.

Accordingly, for the reasons set forth above, the Court should grant this unopposed motion and enter an Order: (1) approving the Parties' Settlement Agreement and Release of Claims; (2) approving the Parties' Settlement Agreement resolving the WTCP Actions claims as consistent with the ATSSSA as it applies to the Aviation Defendants, and any other actual or potential claims against the Aviation Defendants' insurance limits; (3) holding that all amounts paid by the Contributing Insurers are to be credited against American's, United's and Globe's limits of liability established by Section 408(a)(1) of the ATSSSA; and (4) dismissing with prejudice the WTCP Actions.

Dated: New York, New York
       November 21, 2017

                                    Respectfully submitted,

                                    CONDON & FORSYTH LLP


                                    By: /s/ Desmond T. Barry, Jr.
                                        Desmond T. Barry, Jr. (DB 8066)
                                    Times Square Tower
                                    7 Times Square
                                    New York, New York  10036
                                    Tel.: (212) 490-9100
                                    Fax: (212) 370-4483
                                    dbarry@condonlaw.com

                                    *Aviation Defendants' Liaison Counsel*


                                    -and-

WILMER, CUTLER, PICKERING, HALE AND DORR LLP

By: /s/ Howard M. Shapiro
    Howard M. Shapiro
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel:  (202) 663-6606
Fax:  (202) 663-6363
howard.shapiro@wilmerhale.com

*Attorneys for Plaintiffs*
WORLD TRADE CENTER PROPERTIES LLC, 1 WORLD TRADE CENTER LLC, 2 WORLD TRADE CENTER LLC, 3 WORLD TRADE CENTER LLC (formerly known as 5 World Trade Center LLC), and
4 WORLD TRADE CENTER LLC.
7 WORLD TRADE COMPANY, L.P.